No. 308 April 2, 2025 527

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN THOMAS McNAMEE,
aka Steven McNamee, aka Steven T. McNamee,
*Defendant-Appellant.*

Jackson County Circuit Court
23CR32289; A182405

Paul D. Moser, Judge pro tempore.

Submitted February 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Conviction of first-degree criminal trespass affirmed; portion of judgment imposing fees that were not announced in open court vacated; remanded for resentencing.

**PER CURIAM**

Defendant appeals a judgment of conviction, after a bench trial, for first-degree criminal trespass, ORS 164.255. Defendant was acquitted of first-degree burglary and harassment. On appeal, defendant challenges the trial court's admission of other acts evidence as well as the inclusion of *per diem* fees in the judgment. We remand for resentencing and otherwise affirm.

The charges stemmed from an incident in which defendant forced his way into his stepmother S's house. Defendant had previously unscrewed and removed light bulbs on S's porch, and S told him that he was not welcome in her home as a result. Defendant moved *in limine* to exclude evidence of his tampering with the light bulb, but the trial court denied the motion, concluding that the evidence was relevant to demonstrate defendant's motive and intent to harass S, an element of the charged crime of harassment, ORS 166.065.

On appeal, defendant argues that evidence of defendant's light bulb tampering was inadmissible under OEC 404(3) and OEC 404(4), because it constituted evidence of prior bad acts the relevance of which relied on an impermissible propensity inference—specifically, that defendant was more likely to have harassed S on this occasion because he had previously harassed S.

The trial court did not err, because the evidence was not admitted for propensity purposes under OEC 404(3) and was relevant and not unfairly prejudicial. *See State v. Davis*, 372 Or 618, 631, 553 P3d 1017 (2024) ("[T]he applicable subsection of OEC 404 that applies to acts of a defendant offered in a criminal trial is OEC 404(4), not OEC 404(3)."). Evidence showing defendant, on multiple occasions, unscrewing S's lightbulbs was relevant to establish his intent to harass or annoy S specifically, and was the reason why defendant was not permitted to enter S's house. It also supplied the motive for the charged crimes, as S and defendant were arguing about defendant's culpability for the lightbulb incidents at the time. *See id.* ("Relevance of another act due to intent, motive, etc., is * * * an example

of reasoning that is not dependent on character."). The trial court's determination that the probative value of the evidence outweighed any prejudicial effect was not an abuse of discretion. *State v. Lawson/James*, 352 Or 724, 762, 291 P3d 673 (2012) ("The decision whether to admit, exclude, or fashion an appropriate intermediate remedy short of exclusion is committed to the sound exercise of the trial court's discretion.").[1]

In defendant's second assignment of error, he contends (and the state concedes) that the trial court erred in imposing fees in the written judgment that were not announced in open court. We agree that the trial court erred and remand for resentencing. *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." (Citations omitted.)).

Conviction of first-degree criminal trespass affirmed; portion of judgment imposing fees that were not announced in open court vacated; remanded for resentencing.

---

[1]   Defendant also argues, in a supplemental *pro se* brief, that the prosecutor violated his constitutional rights by submitting into evidence edited versions of the videos at trial that differ from the videos transmitted to this court as part of the appellate record. However, we have reviewed the record and, although only one video of defendant was played for the jury at trial, all the videos transmitted to this court were received into evidence during the trial.